(Superior Court of Cincinnati—Special Term.)

### F. P. HALDY v. THE TOMOOR-HALDY COMPANY.

---

The Peerless Manufacturing Company was a Kentucky corporation, and during the year 1895 sold goods to the Tomoor-Haldy Company of Cincinnati, Ohio. Such sales were made in part at Cincinnati by a commercial agent or "drummer" of the Kentucky corporation, and in part by correspondence passing through the mail between Cincinnati and Louisville.

In an action by the Peerless Manufacturing Company it was contended that it had no right to maintain an action in this state, for the reason that it had not complied with the provisions of the act of May 19, 1894, which provided that unless the requirements of said act as to filing a copy of its charter, etc., and the payment of a fee to the secretary of state were complied with, no foreign corporation do-

ing business in this state could maintain an action with reference to such business. Held:

1. The business transacted here was interstate commerce business.

2. The act of May, 1894, so far as it applied to such business, is in contravention of the commerce clause of the Federal Constitution, and is therefore null and void.

(Decided January 18, 1896.)

SMITH, J.

The Tomoor-Haldy Company is a corporation organized under the laws of Ohio, with its principal place of business at Cincinnati, and for a long time has been engaged in dealing in mantels, grates, tiling, etc. The plaintiff, claiming to hold a mortgage upon the property of this corporation, began an action in this court for the foreclosure of the same, and upon application of both parties, the court appointed a receiver of such property.

Subsequently the court allowed the Peerless Manufacturing Company, a Kentucky corporation, with its principal place of business at Louisville, and a creditor of the Tomoor-Haldy Company, to become a party to the case with leave to file an answer and cross-petition attacking the validity of the mortgage.

Without stating more fully the controversy between the parties, it will be sufficient for the undertaking of the present action of the court to state that it appeared from the evidence that the Peerless Manufacturing Company was a Kentucky corporation; that during the year 1895 it had sold goods to the Tomoor-Haldy Company; that such sales were made in part at Cincinnati by a "drummer" or commercial agent of the Kentucky corporation, and that the other sales were made by mail passing between the parties at Cincinnati and Louisville; and that the Kentucky corporation had not complied with the provisions of the statute of May 19, 1894. The latter statute provides, in substance, that no foreign stock corporation other than a banking or insurance corporation shall do business in this state without having procured a certificate from the Secretary of State; that before giving such certificate he shall require such corporation to file in his office a sworn copy of its charter or certificate of incorporation, and a statement under its corporate seal particularly setting forth the amount of capital stock, the business or objects of the corporation which it is engaged in carrying on, or which it proposes to carry on within this state, and a place within this state which is to be its principal place of business, and designating a person upon whom process against such corporation may be served within this state; that for each certificate issued by the Secretary of State, he shall be entitled to certain fees according to the capital stock of such corporation, which fees are to be paid by him to the Treasurer of State to the credit of the general revenue fund, and that "no such foreign stock corporation, doing business in this state without such certificate, shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate." There are other provisions in this act than those referred to, but as they have no bearing upon the question here presented it is unnecessary to refer to them. There is also another act, viz., that of May 16, 1894, which is of a kindred nature to this, although containing very different terms, but it applies only to foreign corporations, "owning or using a part or all of its capital or plant in this state," and as the Peerless Manufacturing Company does not fall within that class, such act has no application to it.

Upon this state of the evidence the plaintiff and the defendant, the Tomoor-Haldy Company, moved to dismiss the answer and cross-petition

of the Peerless Manufacturing Company on the ground that it had not complied with the provisions of the act of May 19, 1894, and therefore could not maintain any action in our courts.

I shall not discuss the question whether the transactions by which the Tomoor-Haldy Company became indebted to the Peerless Manufacturing Company constituted a doing of business in this state so as to bring them within the operation of this statute or not. Because, whether in contemplation of law the business was done in this state or in Kentucky, in either case it was inter state commerce business, and of such a character that it could not be interfered with by any state legislation because such interference is in conflict with article 1, section 8 of the constitution of the United States, which provides that Congress shall have power "to regulate commerce with foreign nations, and among the several states and with the Indian tribes."

The business done here was interstate commerce. And the provisions in our statute, that no foreign corporation, unless it complies with certain state regulations, shall have the right to transact such business, and that if it does it shall not be allowed to maintain an action with reference to the same, are null and void, because in violation with the commerce clause of the Federal Constitution. These propositions are so well settled by the authorities that any further discussion of the principles there declared is entirely unnecessary. I shall, therefore, simply refer to the authorities themselves which have been very thoroughly collected by counsel for the Peerless Manufacturing Company.

Bateman v. Western Star Milling Co., 20 S. W. 931 (Texas); American Starch Co. v. Bateman, 22 S. W. 771 (Texas); Murphy Varnish Co. v. Connell, 32 N. Y. Supp., 717; Singer Mfg. Co. v. Hardee, 4 New Mexico, 175; Gunn v. White Sewing Machine Co., 57 Ark., 24; Ware v. Hamilton-Brown Shoe Co., 92 Ala. 145; Aultman v. Holder, 34 Week. Law Bull., 93; Crait v. Sutton, 60 N. W. 690 (Mich.); Milan Mining Co. v. Gasten, 93 Tenn., 590; Kindel v. Beck & P. K. Co., 35 Pac. Rep., 538 (Col.); Cocper Mfg. Co. v. Ferguson ,113 U S., 727; Robbins v. Shelby Taxing District 120 U. S. 489; Asher v. Texas 128. U S. 129; Shoutenburgh v. Henneck 129 U. S. 141; McCall v. California 136 U. S. 104-111; Crutcher v. Kentucky 141 U. S. 47; Brennan v. Titusville 153 U. S. 289.

It follows as my opinion that if these transactions of sale and deilvery of goods do not constitute a doing of business in Ohio, then the motion to dismiss the Peerless Manufacturing Company from the case should be overruled because the statute does not apply to such a case. But if on the other hand, those transactions do constitute a doing of business in Ohio, and therefore fall within the contemplated operation of the statute, then the motion should be overruled, for the reason that the statute so far at least as it applies to such sales is unconstitutional and void because in violation of the commerce clause of the Constitution of the United States.

George W. Harding for the motion.

Edward Barton, contra.