THE STATE OF KANSAS, *ex rel.*, v. THE AMERICAN
BOOK COMPANY.

No. 13,194.   ( 69 Pac. 563.)

1. CORPORATIONS—*Act of 1898 Construed.* Section 2 of chapter 10,
Laws of 1898 (Gen. Stat. 1901, § 1260), does not discriminate, in
its requirements, between foreign corporations which had thereto-
fore been doing business in this state and those which might
thereafter apply to do business.

2. ——— *Corporations Engaged in Interstate Trade.* Foreign
corporations engaged in interstate trade are subject to the regu-
lations of chapter 10, Laws of 1898 (Gen. Stat. 1901, § 1259 *et seq.*)
While it may be that such corporations cannot be excluded from
doing interstate business in this state, yet they can be laid under
such reasonable conditions as the filing of their charters, the pay-
ment of charter fees, the making of reports and furnishing of in-
formation concerning their business, the appointment of agents
to receive service of process, etc.   These are not burdens on the
company—they are measures of justice and protection to the
people of the state.

3. PRACTICE, SUPREME COURT—*Jurisdiction— Quo Warranto.*
The grant of jurisdiction to this court in *quo warranto* does not
authorize the joinder to a cause of action for ouster of another
one for the annulment of a contract merely because the subject-
matter of the latter possesses incidental connection with the sub-
ject-matter of the former.

Original proceeding in *quo warranto.*   Opinion filed
July 21, 1902.   Writ allowed.

*Galen Nichols,* and *Quinton & Quinton,* for The State.
*A. M. Harvey, F. Dumont Smith,* and *Rossington,
Smith & Histed,* for defendant.

*Per Curiam:*   In this case the plaintiff seeks to oust
the defendant from the prosecution of the business of
selling and contracting for the sale of school-books,
and to annul a contract recently made by it with the
state text-book commission for supplying certain
school-books.   The grounds of the application are

that the defendant, as a foreign corporation, has not complied with chapter 10, Laws of 1898, and the amendatory statute of 1901 (Gen. Stat. 1901, § 1259 *et seq.*), entitling it to do business in the state.

The company has complied, although irregularly, informally, and out of time, with the law, except as to section 2 of said act. As to those particulars in which compliance has been attempted, but not technically executed, the statute is directory. Section 2 requires the making of an application to the charter board and the furnishing of certain information to such board. These things the company must do in order to acquire the status of a foreign corporation authorized to do business here. The statute requires the doing of these things by foreign corporations "seeking to do business in this state." Inasmuch as the defendant had been doing business in this state before the enactment of the law, it contends that it was not "seeking to do business" here. It contends that the words "seeking to do business" apply only to corporations which had not theretofore done business, but desired to do it in the future. This is an erroneous view. The statute does not mean thus to discriminate in the requirements of said section 2, and in other like matters, between foreign corporations which had theretofore been doing business here and those which might thereafter apply to do business.

The claim that, because the defendant company is engaged in interstate trade, it cannot be subjected to the regulations of the law of 1898, is untenable. It may be that it cannot be excluded from doing interstate business here, but it can be laid under such reasonable conditions as the filing of its charter, the payment of charter fees, the making of reports and furnishing of information concerning its business, the

appointment of agents to receive service of process, etc.   These are not burdens on the company—they are measures of justice and protection to the people of the state.

The plaintiff cannot, in this action, have an annulment of the contract already made.   It may be that there are equitable circumstances forbidding the cancelation of such contract.   It may be that compliance with the law by the defendant hereafter will retroactively validate the contract, in the event that it should now be invalid.   However, independently of such consideration, we do not have jurisdiction over that branch of the case.   Our jurisdiction is in *quo warranto* alone.   A grant of that jurisdiction does not authorize the joinder to a cause of action for ouster of another one for the annulment of a contract merely because the subject-matter of the latter possesses incidental connection with the subject-matter of the former.

The defendant will be ousted of its claimed rights to do business in this state until it complies with the requirements of the law, but the prayer of the petition for the annulment of the contract will be denied.

DOSTER, C. J., SMITH, GREENE, JJ.