D. M. OSBORNE & CO. v. J. A. SHILLING *et al.*

No. 14,037.    (88 Pac. 258.)

SYLLABUS BY THE COURT.

1. FOREIGN CORPORATIONS—*Doing Business within the State—Parties.* In a proceeding where the defense was that the plaintiff could not maintain an action because it was a foreign corporation and had not obtained a certificate of the secretary of state showing that the statements required by statute had been made, it is *held,* that the business of selling farm machinery through an agent is the doing of business within the state within the meaning of the statute.

2. ——— *Notice—Defendants Not Estopped to Plead Non-compliance with Statute.* The fact that the defendants knew the plaintiff was a foreign corporation at the time the contract in question was made does not estop them to plead non-compliance with the statute regulating foreign corporations.

3. PLEADINGS — *Inconsistency — Counter-claim — Plea in Abatement.* Nor will the fact that the defendants set up a counter-claim in the answer, asking for the damages resulting from the breach of the contract by plaintiff, operate as a waiver of their right to ask for an abatement of the action.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed December 8, 1906. Affirmed.

*Frank M. Sheridan,* for plaintiff in error.

*W. L. Joyce,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Shillings purchased a Columbia corn-harvester from D. M. Osborne & Co. for $115, for which they gave two promissory notes for $57.50 each. A dispute arose as to the quality of the machine, the Shillings complaining that it did not measure up to the representations of the company and that it was unfit for the purpose for which it was sold. Payment of the notes was refused, and this action to enforce payment was begun. The Shillings answered alleging that misrepresentations as to the machine were made; that

because thereof they had rescinded the sale and returned the machine; and they asked damages by way of counter-claim for the loss occasioned by the wrong of the plaintiff. As an additional defense the defendants set up the fact that the plaintiff was a foreign corporation and that it had failed to make the required statements to the secretary of state or to obtain from that officer a certificate of authority to do business in Kansas, and that, therefore, it could not maintain this action. In connection with the testimony for the plaintiff it was admitted at the trial that D. M. Osborne & Co. is a foreign corporation; that it had not complied with the requirements of the statute as to such corporations, and had no certificate from the secretary of state authorizing it to do business in Kansas. Upon these admissions a demurrer to plaintiff's evidence was sustained and judgment given for defendants.

It is argued that a single sale of machinery is not the doing of business within the meaning of the statute. (Gen. Stat. 1901, §§ 1260, 1261, 1283.) According to the testimony the business which plaintiff conducted in Kansas was more than a single or isolated transaction. It appears that the company had been carrying on the business of selling agricultural implements and farm machinery of various kinds at Paola, Kan., for many years, and, instead of the business of the company being merely casual or incidental, it was continuous, and appears to have been carried on as such a business is ordinarily conducted. It was the doing of business in the state within the meaning of the statute. (*Deere v. Wyland,* 69 Kan. 255, 76 Pac. 863. See, also, the annotation to cited case in 2 A. & E. Ann. Cas. 304.)

The next contention is that as defendants contracted with the plaintiff under a name which indicated that it was a foreign corporation they necessarily knew that the company was organized in another state, and therefore are estopped to plead non-compliance with the statute or to rely upon it as a defense. The fact that the defendants may have known that the plaintiff was a

foreign corporation does not argue that they knew it was doing business in violation of law. Numerous corporations organized in other states are engaged in carrying on business in Kansas, and doing so legitimately. The statute provides how such corporations may legally conduct business within the state, and, as the conditions prescribed are not onerous, why should any one assume that a corporation engaged in business in the state has not observed the statutory conditions? Besides, a corporation might have had authority when the contract was made, and by subsequently failing to make the required annual statements have lost its right to do business in Kansas or to maintain actions in the courts of the state.

Another reason why the defendants are not estopped is that the statute was enacted for the benefit of the general public and its purpose cannot be bargained away by individuals. The regulation of foreign corporations is for the purpose of subjecting them to inspection, so that their condition, standing and solvency may be known—the same sort of inspection to which domestic corporations are subjected. Another purpose likewise intended for the protection of the public was to subject foreign corporations to the jurisdiction of the courts of the state; and an incidental purpose was to provide revenue. Involved in the statute are these public considerations, which are of greater consequence than mere individual rights. It was not for defendants' sake, therefore, that the provision was made, but it is a rule of state policy of which the defendants may incidentally take advantage. The method of enforcing the regulation and protecting the public is contained in the provision that no action can be maintained or recovery had in the courts of the state until there has been a compliance with the statutory conditions. As was said in *The State v. Book Co.*, 69 Kan. 1, 76 Pac. 411, 1 L. R. A., n. s., 1041:

"While contracts are not invalidated, the binding force of obligations impaired, or the doing of business

forbidden, the state is allowed to impose a bar to any relief until the proper certificate can be produced." (Page 7.)

The fact that defendants pleaded a counter-claim did not operate as a waiver of the defense of abatement. According to the record on the first appeal of this case the counter-claim was dismissed, but it seems that the order of dismissal is not included in the record of this appeal. It appears from the record of the second trial, however, that no proof was offered nor reliance placed on the counter-claim originally pleaded. Under our system the defendant is entitled to set up as many defenses as he may have, but of course they should not be inconsistent. Defenses are said to be inconsistent when proof of one necessarily disproves the other. In this case proof of both defenses might be true. The evidence to sustain the counter-claim would in no way negative the defense that the plaintiff had failed to comply with the statute governing corporations. Again, if the defenses were inconsistent the defendants might have been required to elect between them, but no motion to require an election was made. The inconsistency, if it existed, could not operate to waive or destroy the defense that the plaintiff had no right to maintain the action.

The case of *Deere v. Wyland,* 69 Kan. 255, 76 Pac. 863, is an authority against the contention that the regulation or its application is violative of the clause of the federal constitution relating to interstate commerce.

No error appearing in the record, the judgment of the district court is affirmed.

All the Justices concurring.