THE CUDAHY PACKING COMPANY V. C. E. DENTON, *as Secretary of State.**

No. 15,926. (97 Pac. 439.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Increase of Stock—Charter Fees—Foreign Corporations.* The provisions of chapter 140 of the Laws of 1907, fixing the fees to be paid by a corporation upon an increase of its capital stock, apply to a foreign corporation which, prior to the enactment thereof, had been permitted to engage in business in the state and had increased its capital stock but which failed to present a certificate of such increase until after the act was passed.

* Pending in the supreme court of the United States on a writ of error allowed January 29, 1909.

Cudahy v. Denton.

Original proceeding in mandamus. First opinion filed July 3, 1908. Writ denied. Rehearing allowed November 9, 1908. Second opinion filed January 12, 1909. First opinion affirmed.

*J. E. McFadden,* and *Thomas Creigh,* for plaintiff.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for defendant.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus. Prior to the year 1907 plaintiff had been permitted to engage in business in the state of Kansas as a foreign corporation. On November 7, 1906, it increased its capital stock from seven to twelve million dollars. On March 27, 1908, it presented a certificate of such increase and tendered the sum of $1105, the amount of fees fixed by the statute in force at the time the increase of stock was made. Defendant refused the money tendered and declined to issue a receipt therefor. In 1907 the legislature enacted a statute changing the amount of fees to be paid on an increase of capital stock by corporations, and the amount due from plaintiff, computed under the amendatory statute, amounts to $2550. The legislature of 1907 took up the entire subject of corporations and dealt with it in such comprehensive terms as to leave no doubt that it intended thereby to repeal all former laws on the subject. (*The State, ex rel., v. Studt,* 31 Kan. 245, 1 Pac. 635.) The sole question is, Which law controls? We have no hesitation in saying that the plaintiff was obliged to pay the fees provided by the law in force at the time the certificate of increase was presented. Neither domestic corporations created prior to the act of 1907 nor foreign corporations authorized to engage in business in the state prior thereto secured any vested right to obtain these privileges at the amount of fees fixed

24—79 KAN.

by the prior law. The legislature may change the amount of fees at any time without destroying any vested rights. The act of 1907 provides:

"Every foreign corporation authorized by the charter board to engage in business in this state shall pay all the fees required by this act to be paid by domestic corporations." (Laws 1907, ch. 140, § 23, subdiv. 3.)

It is urged by the plaintiff that a fair construction of this language requires that the word "hereafter" shall be interpolated therein, so that the statute would read: "Every foreign corporation hereafter authorized by the charter board to engage in business in this state shall pay," etc. To this we can not agree. The principal contentions of the plaintiff are disposed of by what was said in *The State v. Telegraph Co.*, 75 Kan. 609, 618, 90 Pac. 299. In that case a foreign corporation urged that the Bush law, of which the act of 1907 is amendatory, was not intended to apply to foreign corporations which at the time the law took effect were engaged in doing business within the state. That case followed *The State v. Book Co.*, 65 Kan. 847, 69 Pac. 563. In the opinion Mr. Justice Burch, speaking for the court, said:

"The expression 'seeking to do business' means seeking to do further business as well as seeking to begin doing business. It was the purpose of the legislature to place all foreign corporations in the same attitude as persons seeking to begin business under the organized form of new domestic corporations." (75 Kan. 618.)

In respect of the plaintiff's claim here of vested rights the following language from the syllabus in *The State v. Telegraph Co., supra,* is pertinent:

"Foreign corporations which as a matter of comity have been permitted to enter a state, or a territory which afterward becomes a state, without restriction, have no vested right to remain there unlicensed, and must secure an express exemption or exemption by implication equally clear with express words or they will be subject to all subsequent regulations which the state may see fit to adopt in the exercise of its police power."

(See, also, *The State v. Pullman,* 75 Kan. 664, 667, 90 Pac. 319.)

Under our reading of the act of 1907 a domestic corporation under exactly similar conditions would be obliged to pay the amount of fees provided by the law in force at the time it presented its certificate of increase. And it follows that a foreign corporation must do the same.

The writ is denied.

---

### OPINION ON REHEARING.
(99 Pac. 601.)

The opinion of the court was delivered by

PORTER, J.: A rehearing having been granted, this case has been submitted on an amended application for an alternative writ which sets up a claim of right, privilege and immunity under the constitution of the United States. The specific claim in this respect is that the provisions of sections 23 and 27 of chapter 140 of the Laws of 1907 are repugnant to section 10 of article 1 and to the fourteenth amendment of the constitution of the United States.

The court adheres to the ·views expressed in the former opinion, and the writ is therefore denied.