THE WILSON-MOLINE BUGGY COMPANY V.
C. B. E. HAWKINS.*
No. 15,923.

SYLLABUS BY THE COURT.

FOREIGN CORPORATIONS—*Interstate Commerce—Parties.* Section 1283 of the General Statutes of 1901, providing that no foreign corporation doing business in this state shall maintain an action in any of the courts thereof without first filing certain statements with the secretary of state, applies to foreign corporations engaged in this state in interstate commerce. The statute in question is not repugnant to the commerce clause of the federal constitution; nor does it impair the obligation of contracts; nor abridge the privileges or immunities of citizens of the United States; nor does it deprive any person of property without due process of law; nor deny to any person within the jurisdiction of the state the equal protection of the laws.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed May 8, 1909. Affirmed.

*Bulkley, Gray & More,* and *Stoker & Newell,* for the plaintiff in error.

*Edwin S. Waterbury,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff is an Illinois corporation, with its home office and principal place of business at the city of Moline, in that state. It sued defendant on a promissory note given in part payment of the purchase-

* Pending in the supreme court of the United States on a writ of error allowed June 29, 1909.

price of a buggy. The sale was on an order in writing signed by the defendant, at Emporia, Kan., and taken by the traveling salesman of the plaintiff, subject to the plaintiff's approval. The order was sent to the plaintiff at its home office and there accepted, and the buggy was shipped to the defendant.

The defense was that the plaintiff is a foreign corporation and had failed to comply with the provisions of section 1283 of the General Statutes of 1901, which forbid any foreign corporation doing business in the state from maintaining an action in any of the courts thereof without first having obtained a certificate from the secretary of state showing that certain statements had been filed. In its reply the plaintiff pleads that the statute in question violates the first paragraph of section 10 of article 1 of the constitution of the United States, forbidding a state to pass any law impairing the obligation of contracts; that it is in violation of section 1 of the fourteenth amendment to the constitution of the United States, providing that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws"; and that it is in violation of the commerce clause of the federal constitution. (Art. 1, § 8.)

The trial court held that the transactions shown constituted the doing of business within the state within the purview of the statute, and that the plaintiff was not entitled to maintain the action. Judgment was rendered in favor of the defendant for costs. The plaintiff seeks a reversal.

There was proof of but one transaction in the present case, but no question is raised as to whether a single transaction constitutes doing business, because it is admitted that the plaintiff transacts its business generally through traveling salesmen authorized to take orders

like the one in this case, subject to the approval of the plaintiff at its home office, and that when such orders are approved the goods are shipped direct to the purchaser in Kansas. It is also admitted that the plaintiff has not attempted to comply with the provisions of the statute in question. The plaintiff contends that it was not doing business in the state within the terms of the statute because all of its business transacted here is interstate business.

It may be conceded at once that the transaction in which the note sued on was given constituted interstate commerce. (*Kinsley v. Dyerly,* 79 Kan. 1; *Rearick v. Pennsylvania,* 203 U. S. 507; *Caldwell v. North Carolina,* 187 U. S. 622; *McCall v. California,* 136 U. S. 104; *Lyng v. Michigan,* 135 U. S. 161.) It may also be conceded that interstate commerce is not forbidden by the statute in question. (*The State v. Book Co.,* 69 Kan. 1.) It was not the purpose of the legislature in the enactment of the statute to impose any burden upon, or interfere in any way with, commerce between the states. The precise question was presented in *Deere v. Wyland,* 69 Kan. 255, and the statute was there construed not to violate the provisions of the commerce clause of the federal constitution, even when applied to corporations engaged solely in interstate commerce. In the opinion in that case Mr. Justice Mason used this language:

"The question here is not the power of the state of Kansas to lay a charge on interstate commerce, or to prevent a foreign corporation from engaging in interstate commerce within its confines, but simply the right of the state to determine upon what conditions its laws as to the enforcement of rights through its courts may be availed of. The part of the statute under consideration lays no embargo or burden upon interstate commerce; it does not seek to prevent or hamper the transactions of corporations engaged in that business; it does not declare their contracts void or deny them the enforcement of any rights whatever; it merely provides that if they wish to make use of the machinery of the state courts for their own benefit they must do so upon the same terms as other corporate suitors. In this we

find no interference with the powers reserved to congress by the federal constitution." (Page 263.)

The opinion cites *The State v. Book Co.,* 69 Kan. 1, in which the same statute was expressly held not to impair the obligation of contracts or to forbid the doing of interstate business within the state. The denial of relief by the courts in this instance goes not to the merits of this case; it merely amounts to an adjudication that the plaintiff can not maintain the action at this time. It can no more be said to impair the obligation of the contract sued on than would a judgment dismissing the action for failure of the plaintiff to furnish a satisfactory bond for costs. The case of *Deere v. Wyland, supra,* was followed and affirmed in *Osborne v. Shilling,* 74 Kan. 675. There is therefore no force in the contention that the statute impairs the obligation of a contract. How can it be said to abridge the privileges or immunities of any citizen? It makes no distinction between foreign and domestic corporations. All are treated alike. Before either can use the courts to obtain relief in cases of this kind there must be a compliance with the provisions of the statute. The foreign and the domestic corporations are thus afforded the equal protection of the laws; and, so long as the foreign corporation is given ample apportunity to obtain relief through the courts by complying with the provisions of the statute, it can not be said that it is deprived of property without due process of law.

The judgment is affirmed.