## BAILEY v. GIANT TIRE & RUBBER CO
(No. 608.)

Court of Civil Appeals of Texas. Waco. Feb. 2, 1928.

Rehearing Denied March 8, 1928.

1. **Appeal and error** ⟾1040(10)—**Overruling special exceptions to petition declaring on account for goods sold, if error, held not reversible, in absence of injury.**

Overruling special exceptions to petition declaring on account for goods sold to defendants, if error, *held* not ground for reversal, where it did not appear that defendant was injured thereby.

2. **Account, action on** ⟾6(4)—**Refusing to permit trial amendment to answer to allege that debt, if any, was not on account for goods sold, as alleged, but on trade acceptances, held not error.**

Refusing to permit trial amendment to answer to allege that debt owed, if any, was not on open account for goods sold to defendants, as alleged in petition, but was on trade acceptances, *held* not error, where itemized account attached to petition gave statement of trade acceptances, neither account nor trade acceptances were paid, there was no proof that trade acceptances were taken in payment of account, defendant was not misled and part of trade acceptances were past due, were in plaintiff's possession, and were offered in evidence.

3. **Pleading** ⟾430(1)—**Refusing to direct verdict on ground that petition declared on account for goods sold, and evidence showed that debt was on trade acceptances held not error.**

Refusing to direct verdict for defendant on ground that while petition declared on open account for goods sold to defendants, evidence showed that debt was on trade acceptances, *held* not error, where itemized account attached to petition gave statement of trade acceptances, neither account nor acceptances were paid, trade acceptances were not taken in payment of account, defendant was not misled, and part of acceptances were past due, were in plaintiff's possession, and were offered in evidence.

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Corporations ⊜648—Statute requiring foreign corporation to obtain permit to do business does not apply to interstate business.**

Statute requiring foreign corporation to obtain permit to do business in state does not apply to interstate business.

**5. Trial ⊜352(4)—Refusing to submit issue whether foreign corporation was doing business in state, held not error, where no evidence raised issue.**

Refusal to submit issue as to whether foreign corporation was maintaining agency and doing business in state without a permit *held* not error, where there was no evidence raising such issue.

**6. Partnership ⊜50—Admitting testimony to statements respecting persons constituting partnership held not error, where witnesses testified that alleged partner confirmed statements and made similar ones.**

Admission of testimony of statements with reference to persons constituting partnership *held* not error, where witnesses further testified that they communicated facts to alleged partner, that he confirmed statements, and in addition made substantially the same representations.

**7. Partnership ⊜218(3) — Whether father made statements claimed to estop him to deny partnership with son held for jury.**

Whether father made statements claimed to estop him to deny partnership with son, to effect that he was owner of property, that his son was only working for him, and that he and son were partners in operation of business, *held* for jury.

**8. Trial ⊜134—It is for jury to determine issues of fact.**

It is province of jury to pass upon issues of fact.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by Giant Tire & Rubber Company against J. F. Bailey and another. From a judgment in favor of plaintiff, the named defendant appeals. Affirmed.

W. V. Dunnam, of Waco, for appellant.

Spell, Naman & Penland, of Waco, for appellee.

BARCUS, J. Appellee, a foreign corporation, instituted this suit against appellant J. F. Bailey and his son, E. B. Bailey, who were alleged to be partners doing business under the partnership name of Bailey Garage, to recover $2,132.87, which it claimed was due on account. Appellee further alleged that if it should be held that appellant was not a partner with his son, E. B. Bailey, that he was estopped from denying same because he had made representations to various commercial agencies, as well as to the party who sold the goods for appellee, to the effect that he was a partner in said business, and set out in detail the various representations

made. E. B. Bailey, by both pleadings and evidence, admitted, in effect, the justness of the account sued on except he claimed credit for some of the merchandise which he had returned. Appellant J. F. Bailey denied under oath that he was a partner with or that he had made any representations that he was a partner with his son in said business. The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered against E. B. Bailey and J. F. Bailey jointly for $1,182.22, being approximately the amount E. B. Bailey admitted was due on the account after having been given credit for the goods returned. J. F. Bailey alone appeals.

In response to special issues the jury found that appellant represented to R. G. Dunn & Co. that he was a partner in the business with E. B. Bailey, and that appellee relied on said statement. The jury further found that appellant made a written statement to appellee with reference to his financial standing for the purpose of securing credit from said company, and that appellee relied thereon; and further found that appellant represented to J. S. Nethery, the party who made the sale of the goods to the Bailey Garage for appellee, that he (J. F. Bailey) was the owner of the Bailey Garage, and that appellee relied on said representation; and found that appellant represented to J. A. Pilcher, the agent and representative of R. G. Dunn & Co., that he (Bailey) was a partner in said Bailey Garage, and that said representation so made to Pilcher as agent for R. G. Dunn & Co. was communicated to appellee before the credit was extended, and that appellee relied thereon.

[1] Appellant, by his first and second propositions, contends that the trial court committed error in overruling two special exceptions which he leveled at appellee's petition. We overrule these propositions. We do not think there was any error in the court's action. If it could be said there was error, it would not be ground for reversal, since appellant has not attempted to show and it does not appear that he was in any way injured by the court's action in overruling said special exceptions. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

[2, 3] Appellant, by his third, fifth, and tenth propositions, contends that the trial court committed error in refusing to permit him to file a trial amendment to the effect that the debt which the Bailey Garage owed, if any, was not on an account but on trade acceptances, and that the court should have instructed a verdict for him because of the variance in the proof and allegations, claiming that appellee filed suit on an account and the evidence showed that it had trade acceptances rather than an open account for the debt. We overrule these assignments. The

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sworn, itemized account attached to appellee's petition gave a full statement of all of the goods sold, and in connection therewith said petition stated that plaintiff had trade acceptances for a part thereof, giving a statement of the trade acceptances which it held. There was no contention that any of the account for which judgment was rendered had been paid or that the trade acceptances given in connection with the purchase of said goods had been paid, or that the amount due was any more or less than that claimed. Neither was there any proof that the trade acceptances had been accepted in payment of said account. McGuire v. Bidwell, 64 Tex. 43; Middlekauff v. State Banking Board, 111 Tex. 561, 242 S. W. 442; Duncan v. United Mutual Fire Ins. Co., 113 Tex. 305, 254 S. W. 1101. Appellant does not claim to have been misled by the pleading or proof. Two of the trade acceptances which E. B. Bailey had executed were past due and were in the possession of appellee at the time of trial, and were offered in evidence by appellant.

[4] Appellant, by his fourth and seventh propositions, contends that the trial court committed error in refusing to sustain his. plea in abatement, because appellee was a foreign corporation doing business in Texas without a permit, and that the court erred in refusing to instruct the jury to return a verdict by reason thereof. We overrule these contentions. There is no evidence in the record which in any way tends to support appellant's contention that appellee was doing business in Texas. Appellant does not state any evidence in connection with his propositions tending to support that contention. The record shows without dispute that appellee was a foreign corporation and that the shipment and sale of the goods in controversy was an interstate shipment. Our courts have uniformly held that the statute requiring a foreign corporation to obtain a permit to do business in Texas does not apply to interstate business. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718; Bateman v. Western Star Milling Co., 1 Tex. Civ. App. 90, 20 S. W. 931; Falls Rubber Co. v. La Fon (Tex. Com. App.) 256 S. W. 577, and authorities there cited.

[5] Appellant, by his sixth proposition, complains of the action of the trial court in refusing to submit the issue to the jury as to whether appellee was maintaining an agency and doing business in Texas. We overrule these propositions, as there was no evidence raising said issue.

Appellant, by his eighth and ninth propositions, contends that the trial court committed error in refusing to grant him a new trial on account of newly discovered evidence. We overrule these propositions. We do not think the trial court abused its discretion in overruling said motion.

[6] Appellant, by propositions 12 to 18, in-clusive, complains of the action of the trial court in permitting the witnesses Bering and Pilcher to testify to certain statements made to them by E. B. Bailey with reference to who constituted the partnership. We have carefully examined these assignments, and same are overruled. The witnesses testified that they communicated the facts to appellant and that he in effect confirmed the representations; and in addition, each of them testified to the representations as made by appellant himself, which were in substance the same as those that had been made by E. B. Bailey.

[7, 8] Appellant, by various assignments, contends that the verdict of the jury is not supported by the evidence. While there is evidence which would have authorized the jury to find for appellant, the evidence is sufficient to support the jury's findings on all material issues. The witnesses Nethery and Pilcher each testified in detail to the statements which they claimed the appellant made to them to the effect that he was the owner of said property and that his son was only working for him, and that he was a partner with his son and that he and his son were partners in the operation of said business. Appellant denied specifically the testimony as given by said witnesses. It is, however, the province of the jury to pass upon issues of fact.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.